**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JAIDEN MICHELLE RENEE FERGUSON                                              PLAINTIFF

V.                                    NO: 3:16CV00229 KGB/PSH

PATRICIA MARSHALL *et al*                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I. Relevant Facts**

Plaintiff Jaiden Michelle Renee Ferguson, who is currently held at the Poinsett County Detention Center, filed a *pro se* complaint on August 31, 2016. Ferguson named as defendants Patricia Marshall and Kendall, who are alleged to be part of the detention center administration staff, Susan Cox, a nurse, and an unidentified Doe.

Ferguson alleges the following as the facts of her case:

I was incarcerated at Poinsette [sic] County Detention Center on June 8th, 2016. Per the administration, if there are any bunks open, we are to not sleep on the floor and sleep on the bunks. There is no proper way to get on the bunks or get down from

>them. Either way you get on the bunk or down it leaves bad bruising. The administration is involved because they set forth the rules and neglecting the situation.

Doc. No. 2, page 4. Although the bunk issue appears to be her primary complaint, Ferguson also asserts generally that bonds are set too high; the jail overcharges inmates for items; the showers have standing water in them, along with mold; the smoke alarms do not work; inmates' medical needs are not accommodated; and inmates on suicide watch are not monitored. *Id.*, page 5. Ferguson asks the Court to send state officials to the jail to inspect it, and also requests an award of money damages.

Ferguson attaches to her complaint a copy of a grievance form dated July 10, 2016. *Id.*, page 7. In it, she complained about bruising to the back of her legs and pain caused from climbing into and out of the bunks, and stated she had "moved to the floor." She also complained about a notice hanging in the jail requiring all inmates to be in a bunk if one is available. *Id.* The grievance was investigated by P. Marshall.[1] P. Marshall documented on the grievance form that "if you choose to sleep on the floor that's fine." *Id.*

## II. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[1] It is unclear if P. Marshall is defendant Patricia Marshall.

conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### III. Analysis

Ferguson's complaint largely concerns the conditions of her confinement. She is presumably a pre-trial detainee. Therefore, her claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Ferguson's due process rights were violated if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the same deliberate indifference standard to both. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

To prevail on a condition of confinement claim, Ferguson must show: (1) the condition was

serious enough to deprive her of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

The Court will first consider Ferguson's primary complaint, which we will refer to as the "bunk issue." Ferguson has failed to state a cognizible claim on this complaint. The facts Ferguson alleges do not indicate she was deprived of the minimal civilized measure of life's necessities such as food, shelter, or sleep, or that being required to sleep in a bunk constituted a substantial risk of serious harm. Additionally, even if climbing into or out of a bunk exposed Ferguson to a substantial risk of serious harm, Ferguson cannot establish deliberate indifference to her health and safety. The grievance she attached to her complaint indicates that the day after Ferguson made a grievance on the bunk issue, P. Marshall responded, and advised Ferguson she could sleep on the floor if she wanted to. Having to sleep on a mattress on the floor does not state a claim of constitutional dimension. *Williams v. Delo*, 49 F.3d 442, 444-46 (8th Cir. 1995). For these reasons, Ferguson has failed to state a claim on which relief can be granted as to the bunk issue.

Ferguson's remaining allegations also fail to state a claim for relief. She complains generally about other conditions of confinement, including stopped up and moldy showers and a lack of cleaning supplies. Assuming these general allegations to be true, they are not serious enough to deprive Ferguson of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm. Additionally, Ferguson has not alleged that any official was aware of a substantial risk to her but deliberately indifferent to her health and safety with regard to these conditions, nor has she described any injury resulting from them.

Ferguson also generally asserts that bonds are set too high, but does not allege that her bond is set too high, or that any of the defendants was even responsible for setting her bond. Ferguson complains that the detention center overcharges inmates prices for items such as intake kits. This complaint also fails to state a constitutional claim. *See, e.g., Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (holding that requiring inmates to pay for their own medications if they can afford to pay is not a federal constitutional violation). Ferguson alleges that detention center officials do not check on inmates who are on suicide watch or accommodate inmate medical needs. She makes no claim, however, that she herself is on suicide watch or needing medical care that she has not received. Ferguson cannot bring claims on behalf of other inmates. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Finally, Ferguson alleges that the smoke alarms at the detention center do not work. Her complaint in this regard is entirely conclusory and insufficient to state a claim. Certainly, prison officials are required by the Eighth Amendment to provide adequate fire safety to inmates. *See, e.g., Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)("prisoners have the right not to be subjected to the unreasonable threat of death or injury by fire...."). But "not every deviation from ideally safe conditions constitutes a violation of the constitution." *Santana v. Collazo*, 714 F.2d 1172, 1183 (1st Cir. 1983). In this instance, Ferguson provides no factual basis for her conclusory allegation, she fails to identify persons she claims are responsible for ensuring that smoke alarms at the detention center are operable, and she fails to assert that the defendants were aware of the condition but consciously disregarded it.

For the reasons set forth herein, Ferguson's complaint should be dismissed for failure to state

a claim upon which relief can be granted.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Jaiden Michelle Renee Ferguson's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 31st day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE